1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   ZHIQIANG WU,                          CASE NO. 11cv0750 DMS (CAB)
12                         Plaintiff,
13          vs.                            **ORDER (1) GRANTING MOTION
                                           TO PROCEED *IN FORMA*
14                                         *PAUPERIS,* (2) DENYING
                                           MOTION FOR TEMPORARY
15                                         RESTRAINING ORDER AND
                                           PRELIMINARY INJUNCTION,
16   LAURA DUFFY, U.S. Attorney Southern   AND (3) DIRECTING U.S.
     District of California, et al.,       MARSHAL TO EFFECT SERVICE
17                                         OF PROCESS PURSUANT TO
                         Defendants.       28 U.S.C. § 1915(d) AND
18                                         FED. R. CIV. P. 4(c)(3)**

19

20          Plaintiff, an immigration detainee, has submitted a Complaint for Mandamus.  Plaintiff has not

21   paid the $350 civil filing fee required to commence this action, but rather, has filed a Motion to Proceed

22   *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  Plaintiff has also filed an emergency

23   motion for a temporary restraining order ("TRO") and preliminary injunction.

24   **I.      Motion to Proceed IFP**

25          Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without

26   prepayment of fees if the plaintiff submits an affidavit, including a statement of all his assets, showing

27   that he is unable to pay filing fees.  *See* 28 U.S.C. § 1915(a).  Plaintiff has submitted an affidavit which

28   sufficiently shows that he lacks the financial resources to pay filing fees.  Accordingly, his motion to

1   proceed IFP is granted.

2   **II.      Motion for TRO**

3         Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that

4   the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct.

5   365, 376 (2008).  The standard for issuing a temporary restraining order is identical to the standard for

6   issuing a preliminary injunction.  *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.

7   Supp. 1320, 1323 (N.D. Cal. 1995).  A party seeking injunctive relief under Federal Rule of Civil

8   Procedure 65 must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable

9   harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

10  injunction is in the public interest." *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052

11  (9th Cir. 2009)(quoting *Winter,* 129 S. Ct. at 374).  With respect to the showing a plaintiff must make

12  regarding his chances of success on the merits, the Ninth Circuit applies a sliding scale approach.  *See*

13  *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049 (9th Cir. 2010).  Under the sliding scale

14  approach, the elements of the preliminary injunction test are balanced and, where a plaintiff can make

15  a stronger showing of one element, it may offset a weaker showing of another. *Id.* "Therefore, 'serious

16  questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support

17  issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that

18  the injunction is in the public interest." *Id.* at 1053.

19        Through his TRO motion, Plaintiff seeks a stay of removal until the U.S. Citizenship and

20  Immigration Services ("USCIS") completes the processing of his applications for T and U visas.

21  Defendants argue the Court is statutorily precluded from granting a stay of removal so that Plaintiff may

22  pursue collateral motions or applications and further argue, even if the Court may grant such a stay,

23  Plaintiff has not met his burden of demonstrating a likelihood of success or serious questions going to

24  the merits of his claim in order for a TRO to issue.

25        As an initial matter, removal is not automatically stayed by the filing of a visa application.  8

26  C.F.R. § 214.14(c)(1)(ii)("An alien who is the subject of a final order of removal, deportation, or

27  exclusion is not precluded from filing a petition for U-1 nonimmigrant status directly with USCIS.  The

28  filing of a petition for U-1 nonimmigrant status has no effect on ICE's authority to execute a final order,

although the alien may file a request for a stay of removal pursuant to 8 CFR 241.6(a) and 8 CFR 1241.6(a)."); *see also* 8 C.F.R. § 214.11(d)(9).  Rather, a circuit court may review a removal order and may grant a stay of removal pending such review.  *See* 8 U.S.C. § 1252(a)(5) & (b)(3)(B).  However, lower courts lack jurisdiction to review challenges to final removal orders, including granting a stay of removal.  8 U.S.C. § 1252(g).  It is arguable that, in seeking time for the processing of his visa applications, Plaintiff is not directly challenging his removal order.  Accordingly, the Court will assume for purposes of this motion that it has jurisdiction to consider such motion and to grant Plaintiff a stay of removal pending consideration of his visa applications.[1]  Nonetheless, even if the Court has jurisdiction over the instant motion, it finds Plaintiff has failed to establish he is entitled to a TRO.

For a TRO to issue, Plaintiff must demonstrate he is likely to succeed or that there are serious questions going to the merits of his claim.  Here, Plaintiff argues he is entitled to an order compelling Defendants to issue a law enforcement certification in support of his U visa application (Form I-918, Supplement B) under either mandamus or the Administrative Procedures Act.  Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff."  Plaintiff, without citing any authority supporting such a conclusion, argues Defendants are required to issue a law enforcement certification on his behalf because he meets the statutory elements of eligibility for a U visa.  However, as other courts have held, issuing a law enforcement certification in support of a U visa application is discretionary and law enforcement agencies are not required to automatically issue a certification to an alien who satisfies the statutory prerequisites for receiving one.  *See Ordonez Orosco v. Napolitano*, 598 F.3d 222, 225-26 (5th Cir. 2010)("We think the language of [8 U.S.C.] § 1184(p) makes it abundantly clear that the decision to issue a law enforcement certification is a discretionary one."); *United States v. Biao*, No. 98cr2812 BTM, 2011 WL 607087, at *1 (S.D. Cal. Feb.

---

[1]    Defendants assert "[o]n or about April 8, 2011, USCIS determined that Wu was not eligible for a U visa. [Ex. 53.]" (Opp. at 3.)  Page 53 of Defendants' exhibits is a copy of a USCIS Interoffice Memorandum stating Plaintiff's petition for a U visa under 8 C.F.R. § 214.14(b) has been reviewed and "[t]he evidence in the record does not establish a prima facie claim to eligibility." Nonetheless, Plaintiff is not herein challenging any determination as to his U Visa application and, given that a law enforcement certification is a necessary element of a U visa application and that Plaintiff's Complaint asserts he has been unable to obtain a law enforcement certification in support of his U visa application, the Court does not find the USCIS Interoffice Memorandum renders Plaintiff's motion moot.

11, 2011).  Accordingly, Plaintiff has not demonstrated the existence of a duty owed to him by Defendants such that he's likely to succeed on his mandamus claim.

With respect to the Administrative Procedures Act, Plaintiff argues "[t]he current policy and practice of the defendant violates the APA, 5 USC § 701, et seq., in that it constitutes an agency action which is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' and 'in excess of statutory jurisdiction, authority, or limitations, or short of statutory right', 5 USC § 706(2)(A)." (TRO Mot. at 6.)  5 U.S.C. § 706 states a reviewing court shall "(1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ."  Plaintiff here seeks to compel agency action.  However, given that Defendants's decision to provide a law enforcement certification in support of Plaintiff's U visa application is discretionary, Plaintiff has not shown the existence of "agency action unlawfully withheld," nor has Plaintiff demonstrated agency action constituting an abuse of discretion sufficient to support the issuance of a TRO.

Plaintiff has failed to demonstrate a likelihood of success on his claims that he is entitled to an order compelling Defendants to issue a law enforcement certification in support of his U visa application.  Accordingly, the Court need not reach the remaining TRO elements and Plaintiff's motion for a TRO is denied.

### III.    *Sua Sponte* Screening

Finally, any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject to a mandatory and *sua sponte* review and dismissal by the Court if it finds the Complaint is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Here, although Plaintiff has not demonstrated he is likely to succeed on the merits of his claims for purposes of his TRO motion, Plaintiff's claims do not fall within the ambit of § 1915(e)(2)(B).  Accordingly, the Court finds Plaintiff's Complaint sufficient to survive the *sua sponte* screening provisions of § 1915(e)(2).

In light of the above, the Court hereby grants Plaintiff's Motion to Proceed *In Forma Pauperis* and orders as follows:

1    1.    The United States Marshal shall serve a copy of the Complaint, summons and this Order

2 granting Plaintiff leave to proceed *In Forma Pauperis* upon Defendants as directed by Plaintiff on U.S.

3 Marshal Form 285.  All costs of service shall be advanced by the United States.

4    2.    Plaintiff shall serve upon Defendant's counsel a copy of every further pleading or other

5 document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

6 filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any

7 document was served on the Defendants or counsel of Defendants and the date of service.  Any paper

8 received by a district judge or magistrate judge which has not been filed with the Clerk or which fails

9 to include a Certificate of Service will be disregarded.

10    **IT IS SO ORDERED.**

11 DATED:  April 25, 2011

12 _____

13 HON. DANA M. SABRAW
   United States District Judge